ARTHUR DAVIS vs. TOWN OF WAREHAM.

Plymouth. January 10, 1980. — February 26, 1980.

Present: HALE, C.J., GOODMAN, & GRANT, JJ.

*Municipal Corporations*, Officers and employees. *Municipal Finance.*

General Laws c. 166, § 32, providing for the appointment of a town
    wiring inspector, does not require that the position be full time and,
    where a town meeting appropriated a sum sufficient to pay only for a
    part-time wiring inspector, the incumbent of the position, who had
    been appointed to serve at a full-time salary for a term of one year,
    was not entitled to the salary, listed as "subject to appropriation" in
    the town's personnel plan, which he would have received for the full-
    time position in the following year. [248-249]
Provisions of G. L. c. 44, § 33A, that a city include in its annual budget
    "sums sufficient to pay salaries of officers and employees fixed by law
    or by ordinance" were not applicable to a town. [249]

CIVIL ACTION commenced in the Superior Court on
February 2, 1977.

The case was heard by *Keating, J.*

*Ira L. Lipman* for the plaintiff.

*Joseph R. Grassia,* Town Counsel, for the defendant.

HALE, C.J. In this action the plaintiff seeks recovery of
salary that he claims is due him from the defendant. The
case was heard in the Superior Court on a statement of
agreed facts. Judgment was entered for the defendant, and
the plaintiff appeals. We affirm.

The plaintiff was employed as the wiring inspector of the
town of Wareham for a term of one year ending May 31,
1975. His salary of $11,789.66 was set by § 2 of the town's
personnel plan (G. L. c. 41, § 108A). Under the plan, his
salary for the ensuing year would have been $12,744.99,
and his budget request for that amount was included in the
warrant for the 1975 annual town meeting. On April 15,

1975, the annual town meeting voted to appropriate $3,000 to pay the town wiring inspector, the amount which had been recommended by the finance committee.

Shortly thereafter the selectmen asked the plaintiff if he would serve as part-time wiring inspector from June 1, 1975, to May 31, 1976, for the $3,000. The plaintiff's response was in the negative. On April 29, 1975, the selectmen voted to appoint the plaintiff as "part time wiring inspector" for the sum of $3,000 a year plus $500 mileage commencing June 1, 1975, and terminating June 1, 1976. A certificate of appointment was issued on May 6, 1975. On June 4, 1975, the plaintiff accepted the appointment and was sworn to perform the duties of that office by the town clerk.

On June 24, 1975, the plaintiff and his attorney met with the selectmen and made an unsuccessful attempt to persuade the selectmen "to transfer into the plaintiff's budget . . . sufficient funds to pay the annual salary called for by the Wareham Personnel Plan." The selectmen were then advised that "the plaintiff would not serve as the wiring inspector for the sum of $3,000 on and after July 1, 1975," and that he would insist on being paid at the level authorized by the personnel plan. The selectmen thereupon "revoked" the plaintiff's appointment as wiring inspector.

General Laws c. 166, § 32, as appearing in St. 1949, c. 529, requires a town to provide for and its selectmen to appoint an inspector of wires and describes the qualifications, powers and duties of such inspector. That statute does not require such position to be full time. To the contrary, § 32 recognizes that there may be no need for a full-time inspector in a municipality, as it authorizes "two or more cities and towns [to] vote to form a district, which district shall appoint such an inspector." It was within the power of the people of the town of Wareham at the annual town meeting to determine, as they did, that the position of wiring inspector be part time and to set the salary for it. The selectmen could not then appoint a wiring inspector who would be paid more than the $3,000 appropriated. G. L.

c. 44, § 31. There is no merit to the plaintiff's argument that the town was bound to pay the salary for the full-time position that was listed in the personnel plan because § 17 of the plan provides that all salaries set by it are subject to appropriation. We reject the plaintiff's contention that G. L. c. 44, § 33A, as amended through St. 1969, c. 849, § 61, which provides that a city is to include in its annual budget "sums sufficient to pay the salaries of officers and employees fixed by law or by ordinance" applies to towns as well. Sections 32-33B of that chapter by their arrangement under the heading "BUDGET IN CITIES" and by their content clearly apply only to cities. There is, therefore, no conflict between § 17 of the personnel plan and G. L. c. 44, § 33A, nor, as argued by the plaintiff, is § 17 against public policy. The cases cited in the plaintiff's brief in support of his contention that § 33A requires the appropriation of the salary set in the plan all concern only cities and are inapposite.

Nor is there any merit to the plaintiff's argument that the selectmen, having appointed the plaintiff as inspector, had no power to revoke the appointment. We need not address the circumstances in which such an appointment could be revoked or the procedures which might be required to revoke an appointment, as the plaintiff informed the board that he would not serve as wiring inspector at the $3,000 annual rate after July 1, 1975. The selectmen were justified in regarding this as a resignation, and this was the effect of the plaintiff's action, as the plaintiff continued to serve until and was paid through that date despite the vote to revoke his appointment.

*Judgment affirmed.*